## The State *v.* Carothers.

Prosecuting attorney authorized, by virtue of his office, to follow and conduct a criminal prosecution, commenced within his county, into any other county or court, to which the case may be taken by change of venue or by writ of error.

An attorney of the court, not required to show authority to appear in a case; it will be presumed till the contrary is shown.

Error, *to Louisa District Court.*

*W. G. Woodward,* for the plaintiff in error.

*S. Whicher,* for the defendant.

*Opinion by* Greene, J.  The appearance of the attorney for the plaintiff in error is objected to, on the assumption that a prosecuting attorney has no right to appear and conduct a criminal case, after it has been taken by a change of venue beyond the limits of his county or district; and that the attorney of the county to which the venue is changed, is the only one who has a legal right to conduct the cause in behalf of the state.

It is a well-established presumption of law, that a regular attorney has full authority to bring and continue a suit to its final determination, in the manner in which he prosecutes. He cannot be called upon to prove his authority, but the want of it must be shown by the objecting party.   2 South. 817.   Nor can his authority to appear be questioned in this court, if not objected to in the court below.   *Noble* v. *Bank of Ky.,* 3 A. K. Marsh. 263.

The prosecuting attorney of one county has, we think, full authority to follow and prosecute his suit in any other county to which the venue may be changed, and to conduct the case through all its changes to final adjudication.   This authority is a necessary incident to the office.   He is employed and feed, by virtue of his office, to commence and prosecute all suits originating in his county, in behalf of the state, and

his authority to act should necessarily continue wherever jurisdiction is entertained. His jurisdiction is co-extensive with that of the case, and should follow it to its final conclusion.